UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL ACTION NO. 3:03-cr-00103-CRS

ROBERT D. SHERRARD     DEFENDANT

Memorandum Opinion

I.    Introduction

This matter is before the Court on the pro se motion of Defendant Robert D. Sherrard for expungement of the single charge in this case, ECF No. 32. The United States responded, ECF No. 33. Sherrard did not reply. For the reasons explained below, the Court will deny Sherrard's motion to expunge the charge.

II.    Background

In November 2003, a jury returned a two-count indictment against Sherrard. Indictment 1–2, ECF No. 1. In February 2004, Sherrard pleaded guilty to Count 2 of the indictment. Order 2/10/2004 1, ECF No. 22. The Court then sentenced Sherrard to a one-year period of probation and a Special Penalty Assessment of $25.00. Order 5/05/2004 3–4, ECF No. 27. In September 2005, the United States moved under Federal Rule of Criminal Procedure 48(a) to dismiss Count 1 of the Indictment based on Sherrard's successful completion of the pretrial diversion agreement. Mot. Dismiss 1, ECF No. 30. The Court granted the United States' motion to dismiss Count 1. Order 10/31/2005 1, ECF No. 31.

III.    Discussion

Sherrard now moves to expunge his criminal record of Count 2. Mot. Expungement 1, ECF No. 32. Sherrard argues that this charge should be expunged because he has diligently

1

supported his family, volunteered for organizations, and contributed to his local church. *Id.* at 2. He also asserts that an expungement of Count 2 from his criminal record would allow him to advance forward in his career. *Id.* The United States argues in opposition that the Court does not have jurisdiction to expunge Sherrard's record based on solely equitable grounds. Resp. Opp. Mot. Expungement 1–2, ECF No. 33.

Federal courts are courts of limited subject matter jurisdiction. *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014). They only may hear cases that invoke an independent, supplemental, or ancillary basis of subject matter jurisdiction. *Id.* Ancillary jurisdiction "applies to related *proceedings* that are technically separate from the initial case that invoked federal subject-matter jurisdiction." *Id.* (emphasis in original)

When federal courts are asked to expunge criminal records and there is no statutory basis for the expungement, the courts must rely on ancillary jurisdiction. *Id.* at 915. Federal courts, however, lack ancillary jurisdiction to hear motions for expungement based on purely equitable considerations—"e.g., motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *Id.*

Here, the Court must rely on ancillary jurisdiction to hear Sherrard's motion for expungement. *See id.* But because Sherrard has asked the Court to expunge the single charge in this case based on purely equitable considerations, Mot. Expungement 2, ECF No. 32, the Court lacks ancillary jurisdiction. Therefore, the Court will deny Sherrard's motion for expungement of the charge.

IV.     Conclusion

The Court will deny Sherrard's pro se motion to expunge the single charge in this case. An order will be entered in accordance with this memorandum opinion.

March 29, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**